[Civ. No. 7081.    Fourth Dist.    July 19, 1963.]

JOHN SHERMAN COLEMAN et al., Plaintiffs and Appellants, v. SECURITY TITLE INSURANCE COMPANY, Defendant and Respondent.

Carroll & Anderson and Thomas T. Anderson for Plaintiffs and Appellants.

Thompson & Colegate and Don C. Brown for Defendant and Respondent.

BROWN (Gerald), ▮▮▮ During the year 1956 the plaintiffs purchased a vacant piece of real property in Riverside County; before the escrow closed July 15, 1957, plaintiffs purchased a title insurance policy from defendant, which policy described the property insured in the same manner as it was legally described in the deed, except that the policy stated the land was in the "Beaumont Irrigation District, City of Beaumont," whereas these words were absent from the legal description contained in the deed. The policy excluded "water rights" and "claims or title to water" from its insuring agreement.

It was admitted by the defendant, and the court found, that the property was neither in the City of Beaumont nor within the Beaumont Irrigation District.

The trial court concluded from the findings of fact that the words "Beaumont Irrigation District" contained in the policy description gave no vested interest in the water rights of the district to the plaintiffs, and the erroneous inclusion of such words did not violate a covenant in the policy against unmarketability. As a consequence judgment favored defendant title company in plaintiffs' claim for damages, and from that judgment plaintiffs have appealed, contending as a matter of law on the undisputed facts that they are entitled to recover.

The trial bore out the fact that no representations were made to plaintiffs that the land was in the Beaumont Irrigation District; no such inquiries were made by them before they purchased; and plaintiffs knew that the land was not in the City of Beaumont.

There is no showing that plaintiffs did not obtain anything other than the exact title which they purchased. The fact that the title insurance policy added a water feature "Beaumont Irrigation District," not contained in the deed, does not mean that plaintiffs can seek to obtain a "windfall" from this defendant.

The defendant specifically protected itself against a claim of this nature by providing in the policy the exclusion respecting ". . . water rights, claims or title to water." There was no breach by defendant of the insuring provisions contained in the title policy.

In *Hocking* v. *Title Ins. & Trust Co.*, 37 Cal.2d 644 [234 P.2d 625, 40 A.L.R.2d 1238], the title description embraced an easement disclosed on a subdivision map; the actual fact was that plaintiff did not have that easement. The plaintiff

in that case was not entitled to damages for breach of contract under the title policy because of an erroneous description; marketability of the property remained in existence even though erroneously described. ▮ The court stated at page 651, ''One can hold perfect title to land that is valueless; one can have marketable title to land while the land itself is unmarketable.''

Since the plaintiffs' contractual rights with defendant specifically excluded ''water rights and claims or title to water'' it will not be necessary to answer plaintiffs' remaining contentions.

Judgment affirmed.

Griffin, P. J., and Conley, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 11, 1963. Peters, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.